FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DEC 2 3 2010

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

DONNA BEATTY, ATTORNEY AT LAW.
421 W. Riverside, Suite 911
Spokane, WA 99201
(509) 928-7414

DONNA BEATTY
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AUTOMOTIVE REPAIR CORPORATION (d/b/a ARC Manufacturing), a Washington Corporation,<br><br>       Plaintiff,<br><br>    vs.<br><br>AMH CANADA, LTD., a Canadian Corporation, and DOES, unknown individuals or corporations,<br><br>       Defendants. | NO.: **CV-10-460-LRS**<br><br>COMPLAINT<br>AND DEMAND FOR JURY |

## I. PRELIMINARY STATEMENT

1.     This is an action for defamation and the resulting economic harm and other damage to Plaintiff.

## II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the action against Defendant AMH and unknown DOE or DOES as the cause of action against them jointly is a

COMPLAINT Page 1 of 8

1  federal question pursuant to 15 U.S.C. § 1 *et seq.,* commonly referred to as The

2  Sherman Act.

3

4  3.    This Court has jurisdiction of Plaintiff's claim solely against Defendant AMH

5  – a corporation formed in, and which has its principal place of business in, Canada

6  – under 28 USC § 1332(a)(2) as there is diversity of citizenship, the injuries to

7  Plaintiff include harm to its commercial endeavors within the United States, as

8  well as in other jurisdictions, and the amount of damages Plaintiff has sustained

9  exceeds the jurisdictional threshold of $75,000.00.

10

11  4. The venue of the Eastern District of Washington is proper under 28 USC §

12  1391(d), commonly referred to as The Alien Venue Act, against Defendant AMH,

13  and under 15 USC § 22 because AMH solicited cooperation in this conspiracy

14  from at least one entity or individual who is an inhabitant of Washington State, and

15  conducted business in Spokane County, Washington, with Plaintiff in the form of

16  business negotiations.

17

18  5. As the true identity of the DOE or DOES are unknown at this time, Plaintiff

19  cannot attest to the propriety of venue in the Eastern District of Washington.

20

21  \

22  \

23  \

24  \

25

COMPLAINT Page 2 of 8

Donna L. Beatty, Attorney at Law
421 W. Riverside, Suite 911
Spokane, WA 99201
(509) 928-7414

1

## III.  IDENTIFICATION OF THE PARTIES

2
3
4

6.     ARC Manufacturing (hereinafter, "ARC") is a small, privately owned corporation that is now, and at all times relevant to this complaint was, a

5
6

corporation formed in Washington State with its principal place of business in Spokane County, Washington.

7
8
9

7.     AMH of Canada, LTD (hereinafter "AMH") is now, and at all times relevant to this complaint was, a Canadian Corporation with its principal place of business

10

in Rimouski, Quebec, Canada.

11
12
13
14

8.     AMH employs at least one individual in the United States, Edward Weihs, who is listed on the AMH website as the contact for product sales in the United States, and sells and/or markets it products extensively in the United States.

15
16

## IV. FACTS RELEVANT TO CLAIMS FOR RELIEF

17
18

9.  Both ARC and AMH manufacture and sell welders and dent pullers for use in the automotive repair industry.

19
20
21
22
23

10.  ARC owns the patents on technology that allow its products to run on batteries that can be charged and/or recharged using standard, single phase, electrical outlets and wiring.

24
25

COMPLAINT Page 3 of 8

Donna L. Beatty, Attorney at Law
421 W. Riverside, Suite 911
Spokane, WA 99201
(509) 928-7414

11.    In December of 2009, Plaintiff and Defendant commenced discussions related to Defendant's interest in acquiring manufacturing rights to certain patented products that Plaintiff manufactures and sells.

12.    Before commencing discussions, AMH signed a confidentiality agreement at the request of Plaintiff in which it agreed to submit to the jurisdiction of Washington State should a dispute arise stemming from its breach of the confidentiality agreement.

13.    This dispute does not arise from a breach of the confidentiality agreement.

14.    The discussions proved to be unproductive, therefore Plaintiff and Defendant ceased negotiations in January, 2010 without reaching an agreement.

15.    On February 25, 2010, Defendant's employee in the United States, Ed Weihs, sent an email to eighteen customers of ARC stating ARC had shut its doors, and which went on to request that one of these customers loan AMH a patented ARC welder for a period of "about 60" days.

16.    This email  was forwarded to at least one other ARC customer.

17.    ARC had not, and has not, shut its doors.  It is still in business as of the filing of this complaint, and at the time was still selling and manufacturing those welders.

COMPLAINT Page 4 of 8

Donna L. Beatty, Attorney at Law
421 W. Riverside, Suite 911
Spokane, WA 99201
(509) 928-7414

18.    A company to whom ARC had not sold welders directly in the past, placed an order for five welders, but quickly reduced the order to one. The customer disclosed that it had received the email from AMH stating ARC had shut its doors.

19.    The reduction of this customer's order was reduced from five to one, after a firm commitment was made, came at a critical time for ARC and had profoundly negative effects on its relations with a crucial supplier resulting in the inability of ARC to fulfill all pending orders for welders causing significant financial damages.

20.    ARC sells parts and equipment to many people who also buy AMH products, and there are many distributors and sales representatives who have contact with both companies.

21.    ARC has never sold one of its welders to AMH.

22.    AMH and ARC both manufacture a welder that outputs 10,000 AMPs.

23.    In October of 2010 at a trade show in Las Vegas, Nevada, AMH employee Ed Weihs claimed that AMH had tested ARC's welder and found that it did not have the power output that Plaintiff ARC claimed.

24.    ARC has extensively tested its welders, confirmed the power output, and has obtained OEM approvals for its welder from both GM and Chrysler which require that the welder comport with its specifications.

COMPLAINT Page 5 of 8

Donna L. Beatty, Attorney at Law
421 W. Riverside, Suite 911
Spokane, WA 99201
(509) 928-7414

## V.  CAUSE OF ACTION 1:  CLAIM OF DEFAMATION AGAINST DEFENDANT AMH

25.    Plaintiff ARC reasserts and reincorporates herein the allegations contained in paragraphs 1 through  18.

26.    AMH should have known, or easily could have known, that ARC had not "closed its doors."

27.    AMH used a false pretext to attempt to acquire an ARC Welder, likely to attempt to reverse engineer the product.  It is unknown whether AMH succeeded.

28.    AMH's false statements that ARC had closed its doors and subsequent statements that ARC's welder was deficient in power output, harmed ARC's business relations with its customers, and has caused significant financial hardship for ARC.


## VI.    CAUSE OF ACTION 2:  CLAIM OF VIOLATION OF 15 U.S.C. § 1, et seq.

29.    Plaintiff ARC reasserts and reincorporates herein the allegations contained in paragraphs 1 through  28.

30.    AMH, and its as yet unknown co-conspirators, have engaged in anticompetitive practices in violation of 15 USC § 1.

31.    Based on AMH's employee's statements that AMH had tested ARC's welder and found it to be deficient in its power output, the fact that AMH was

COMPLAINT Page 6 of 8

soliciting the loan of an ARC welder from ARC customers in February of 2010, and the fact that ARC had never sold one of its welders to AMH, it is clear that another entity provided an ARC welder to AMH.

32.    The statement that ARC had shut its doors as a prelude to solicitation of a loaner welder was clearly a solicitation to enter into a conspiracy to restrain the trade of ARCs welders.

33.    Without the cooperation of another – as yet unknown entity – AMH could not have tested ARC's welders, therefore it is clear that AMH's solicitation for an ARC welder succeeded to some extent and that at least one or more separate entities entered into an illegal, cooperative endeavor to restrain ARC's business activities and hence restrain trade.

34.    AMH's false claim that ARC's welder does not have the power output claimed is a blatant attempt to restrain the trade of ARC's welder.

35.    The false claim that ARC had shut its doors is a blatant attempt to steer business away from ARC.

## VII.    PRAYER FOR RELIEF

Wherefore, Plaintiff ARC prays that the Court:

36.    Award ARC general damages of $107,000.00 against AMH for its slander of ARC in stating that ARC had "shut its doors" which resulted in a cancelled order and the inability of ARC to fulfill the orders it had.

37.    Award ARC an amount to be proven at trial against AMH for its slander of ARC in its statement that ARC's welder does not put out the power it claimed.

COMPLAINT Page 7 of 8

38.    Award ARC an amount to be proven at trial against AMH and its co-conspirator or co-conspirators for anti-competitive activities in violation of The Sherman Act, both in the form of false statements about ARC's welder and attempts to obtain and use ARC's patented and proprietary technology.

39.    Enjoin AMH and its affiliates from selling products in the United States that are based on ARC's intellectual property.

40.    Enjoin AMH and its affiliates from making false statements about ARC products.

41.    Enjoin AMH and its co-conspirator or co-conspirators from further anti-competitive activities.

42.    Award other relief to which ARC may be entitled under the law and in equity, including treble damages as allowed pursuant to 15 USC § 15(a).

43.    ARC will request a jury to assess the issue of liability and damages.


Dated this 23<u>th</u> day of December, 2010


By: _Donna Beatty_
Donna Beatty, Attorney at Law


COMPLAINT Page 8 of 8

Donna L. Beatty, Attorney at Law
421 W. Riverside, Suite 911
Spokane, WA 99201
(509) 928-7414