UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AUTOMOTIVE REPAIR CORPORATION, (d/b/a ARC Manufacturing), a Washington corporation,<br><br>      Plaintiff,<br><br>  -vs-<br><br>AMH CANADA, LTD., a Canadian corporation, and DOES, one or more unknown individual(s) or corporations(s),<br><br>      Defendants. | NO. CV-10-0460-LRS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

**BEFORE THE COURT** is Defendant AMH Canada, Ltd.'s ("AMH") Motion to Dismiss, ECF No. 8, filed on March 4, 2011, and noted without oral argument on April 25, 2011. The Court having carefully considered the written argument of counsel, enters this order.

### I. BRIEF STATEMENT OF THE CASE

Plaintiff ARC brought this action against Defendant AMH Canada, Ltd., and unknown others, for relief under 15 U.S.C. § 1 et seq. Plaintiff seeks relief from an alleged conspiracy to illegally restrain its trade of its patented, OEM approved resistance spot welders. Plaintiff ARC wishes to recover damages for both slanderous statements as well as the violation of the Sherman Act.

ORDER - 1

It is alleged that Defendant AMH sought assistance in its efforts to market a competing welder through an email[1] sent to several ARC customers in which AMH stated that ARC had closed its doors and AMH wanted to borrow an ARC welder for a time. There was no basis for the statement that Plaintiff ARC had shut its doors, as ARC's manufacturing plant was operational, its web page was still active, and it was still taking orders for welders. See Amended Complaint, Paragraph 17. Plaintiff alleges the statement itself was slanderous. At some point, Defendant AMH received an ARC welder from an alleged co-conspirator, who Plaintiff intends to identify through discovery. Within nine months of sending out the email, an AMH employee announced to attendees of a trade show that AMH had tested ARC's welder and found that it did not perform as advertised. Plaintiff alleges that statement was not only slanderous, it indicated that its effort to engage another company as a co-conspirator was successful because Plaintiff ARC did not sell or loan AMH a welder. Plaintiff will ask the Court to grant it leave to amend the complaint to add the geographic market of the United States if the instant motion to dismiss is not granted. Defendant AMH has not filed an answer yet.

## II. DISCUSSION

### A. Defendant's Motion to Dismiss

Defendant AMH asserts that Plaintiff's amended complaint must be dismissed pursuant to Rule 12(b)(6) because ARC's legal conclusions are

---

[1] Plaintiff alleges that on February 25, 2010, Ed Weihs of AMH sent an email to 18 ARC customers stating that ARC had shut its doors and requesting that one of the email's recipients loan AMH an ARC welder for 60 days. (ECF No. 2, ¶ 15.)

mere speculation; ARC alleges no facts that make its claims appear plausible. ARC's Amended Complaint fails to meet the standard of Fed. R. Civ. P. 8 and should be dismissed. Defendant further argues that under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), ARC does not satisfy Rule 8. More specifically, Defendant AMH asserts that ARC's Sherman Act claim fails to plead sufficient facts to demonstrate AMH entered a conspiracy that injured competition and ARC's defamation claim fails to identify any fact suggesting the subject email was unprivileged.

The thrust of Plaintiff's opposition to the motion to dismiss is that it has a reasonable expectation that discovery will reveal evidence of a basis for liability. Plaintiff concludes that, taken as a whole, the facts alleged in its amended complaint are sufficient to meet the *Twombly* pleading requirements. Additionally, Plaintiff argues it will move to amend its Complaint to provide additional specifics to further bolster its claims with respect to the geographical market.

   **B.   Legal Standard** - **Motion to Dismiss**

A cause of action may be dismissed under Fed.R.Civ.P. 12(b)(6) either when it asserts a legal theory that is not cognizable as a matter of law, or if it fails to allege sufficient facts to support an otherwise cognizable legal claim. *SmileCare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir. 1996). In addressing a Rule 12(b)(6) challenge the Court accepts all factual allegations in the complaint as true (*Hospital Bldg. Co. v. Trustees of the Rex Hospital*, 425 U.S. 738, 740, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976)), and construes the pleading in the light most favorable to the nonmoving party. *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir.1989).

ORDER - 3

To survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a complaint need only set forth a short and plain statement of the claim showing the pleader is entitled to relief, and it "does not need detailed factual allegations[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007). A plaintiff must, however, set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id*. at 1965. Allegations must indicate the pleader has a right to relief, and they must rise above the level of mere speculation. *Id*. The pleading must at least set forth factual grounds supporting a plausible basis on which liability can be imposed, or it must set forth enough facts "to raise a reasonable expectation that discovery will reveal evidence of" a basis for liability. *Id*. Even if a court believes actual proof of the facts alleged is improbable, or that recovery is remote or unlikely, a pleading should still survive dismissal. *Id*.

Nonetheless, dismissal can be granted if there is a lack of a cognizable legal theory or if there is an absence of sufficient facts alleged under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.1984). Additionally, the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir.1994) (*citing Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).

**C.   Analysis**

The Supreme Court has held that a plaintiff must meet the "plausibility" threshold, no matter how well the defendants concealed

ORDER - 4

their actions. The high court has made the decision, as a matter of policy, that it is better to require a factual basis before allowing costly litigation to proceed than it is to permit plaintiffs to commence discovery without stating facts supporting their claims. *See Twombly*, 127 S.Ct. at 1966-67 ("it is one thing to be cautious before dismissing an antitrust complaint in advance of discovery ... but quite another to forget that proceeding to antitrust discovery can be expensive"). Justice Stevens' dissent highlights this as a point of disagreement. *See id.* at 1976 ("Under the relaxed pleading standards of the Federal Rules, the idea was not to keep litigants out of court but rather to keep them in. The merits of a claim would be sorted out during a flexible pretrial process and, as appropriate through the crucible of trial" (Stevens, J., dissenting)).

In the face of clear guidance from the Supreme Court, a §1 Sherman Act claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made. Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal agreement. *See Twombly*, 127 S.Ct. at 1965. Consequently, the court finds that the allegations, including the fact that Plaintiff never sold or loaned a welder to Defendants, is enough specificity, although thin, to persuade the court that the antitrust violation claimed is more than just "conceivable."

Taking all of Plaintiff's allegations together, the court finds Plaintiff has gone beyond the minimal "bare allegations" standard followed by the Ninth Circuit. However, without basic discovery,

ORDER - 5

Plaintiff cannot reasonably be expected to go further at this time. Plaintiff is not required at this stage in the litigation to state with any <u>extra</u> specificity the nature and extent of the anticompetitive conduct. Defendant's motion to dismiss should be denied in this respect. The court also notes that Plaintiff intends to move to amend its complaint to include more specifics on the geographical market involved in the instant case.

In conclusion, the court denies Defendant's motion to dismiss pursuant to Rule 12(b)(6), based on a liberal viewing of Plaintiff's Amended Complaint and case law. Applying the *Twombly* standard, it is clear that the courts do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. Further, the *Twombly* and *Iqbal* decisions do not preclude discovery.

**IT IS ORDERED** that Defendant's Motion to Dismiss, **ECF No. 8**, filed on March 4, 2011, is **DENIED** for the reasons stated above.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order.

DATED this 19th day of May, 2011.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 6